## UNITED STATES v. CLARK.

Crim. A. No. 1051-52.

United States District Court
District of Columbia.

Dec. 5, 1952.

Charles M. Irelan, U. S. Atty., Martin J. McNamara, Jr., Asst. U. S. Atty., Washington, D. C., for plaintiff.

William C. Collins, Washington, D. C., for defendant.

MATTHEWS, District Judge.

The defendant has moved for a judgment of acquittal alleging that prosecution is barred by the statute of limitations.

He is charged in a four-count indictment with violation of the Mail Fraud Act, 18 U.S.C.A. § 1341.[1]

The stipulated facts are: The Continental Life Insurance Company paid to Mrs. Ruth K. Dixon proceeds from insurance policies on the life of her husband. The defendant, then an employee of the Company, suggested to Mrs. Dixon that she reinvest the money with the Company and she agreed. The defendant delivered to Mrs. Dixon a purported investment agreement bearing the forged signature of the authorized signatory of the Company and providing for semi-annual interest

---

1. The Section reads: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises * * * for the purpose of executing such scheme or artifice or attempting so to do, places in any post

payments. She turned over to the defendant $3,500 which during the period between April and June 1941 he converted to his own use. From his personal funds he made the interest payments to her. In 1950 after she moved to Florida these payments were not regularly made. She wrote the defendant inquiring as to the delay and, indicating she intended to contact the Company. The defendant sent letters to her mailed May 29, 1950, December 20, 1950, January 31, 1951 and April 23, 1951, apologizing for the delay in the interest payments and assuring her that future payments would be made on the due date. Prior to receiving the fourth letter Mrs. Dixon learned for the first time that she had no investment agreement with the Company.

The four letters the defendant wrote Mrs. Dixon are the basis for the four-count indictment. Each count alleges that a specified letter was mailed "for the purpose of executing the scheme and artifice to defraud" which has been described.

It is contended by the defendant that the offense was accomplished in 1941 when he converted the funds to his own use, and that prosecution is barred by the three-year statute of limitations. With respect to the letters written in 1950 and 1951, upon which the prosecution relies to bring the alleged offense of mail fraud within the three-year period, the defendant says they were all sent after the scheme to defraud had terminated, and hence were not in furtherance of it.

The same contention was made in the case of United States v. Wernes, 7 Cir., 1946, 157 F.2d 797, 799. Rejecting the contention the court there said in part:

"In setting up the defense of the Statute of Limitations, appellants assert that there was no proof of any sale of a security within the three years of the indictment, which was re-

turned June 22, 1944, and that such sales, if any, all took place prior to August 1940, when the last investment was made in the limited partnership, after which time no effort was made by appellants to obtain any further funds from the limited partners, and further, that letters set forth in the indictment to sustain the use of the mails in furtherance of a scheme to defraud, dated from July, 1941 on, were all sent after the scheme, if any, had been fully executed and completed, hence were not in furtherance of it. This contention overlooks the fact * * * that a scheme to defraud may well include later efforts to avoid detection of the fraud. * * * There is ample evidence to indicate a continuation of activities designed to prevent too much complaint or inquiry even after attempts to obtain further money from the limited partners had ceased, and the 'mailings' fall within this period of continued activity and cannot be said to be not 'in furtherance' of the scheme. Hence we find no merit in appellants' contention that prosecution was barred by the Statute of Limitations."

In Davis v. United States, 6 Cir., 1942, 125 F.2d 144, the court said:

"* * * the sole question raised by the appellant is that the letter in evidence deposited in the United States mails was not so deposited until after the consummation of the fraud; that in consequence the offense was not cognizable under the statute and that the District Court was without jurisdiction to try the offender.

"It appearing, however, that a reasonable inference from the tenor of the letter, is that it is in continuance of the fraud, or for the purpose of aiding in the retention of its fruits, to

office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or

at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

lull the victim into a false sense of security and to postpone the taking of action with respect to his loss, and to delay discovery, Therefore,

"Upon the authority of Bogy v. United States, 6 Cir., 96 F.2d 734, and Preeman v. United States, 7 Cir., 244 F. 1, the judgment in the above cause is hereby affirmed and the sentence therein imposed sustained."

In the instant case further profit to the defendant from his scheme to defraud, as such, was at an end, but the scheme itself had not ended. There was a continuation of activity by the defendant intended to prevent his victim from becoming aware of the forgery, and to make more enduring her belief that she had $3,500 invested with the insurance company from which interest payments were being realized and transmitted to her through him. The letters or "mailings" set out in the indictment constitute a part of that activity by the defendant and were sent within three years of the indictment. Hence prosecution under the Mail Fraud Act is not barred.

The defendant, having waived a jury trial, was tried by the Court. The motion for a judgment of acquittal is denied and the Court finds the defendant guilty as charged.